## JOE LANCASTER v. STATE.

No. A-2557.    Opinion Filed May 24, 1917.

(164 Pac. 1152.)

**TRIAL—Evidence—Burden of Proof.** The burden is on the state to introduce proof sufficient to establish the guilt of a defendant who is being tried upon a criminal charge beyond a reasonable doubt; and, when this is not done and when all the proof fails to so establish guilt, a judgment of conviction should be reversed.

*Appeal from District Court, Atoka County;*
*R. W. Higgins, Judge.*

Joe Lancaster was convicted of larceny of domestic animals, and appeals. Reversed.

*Ira J. Banta,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   Joe Lancaster was convicted at the June, 1915, term of the district court of Atoka county, on a charge of larceny of domestic animals and sentenced to serve five years in the state penitentiary. The information charges Lancaster jointly with Ed Smith with the larceny of a black mare, the property of Charley Christopher. Separate trials were had.

The proof indicates that Smith lived near Chockie in Atoka county; that Christopher also lived near the same place. Lancaster lived near Canadian, and at the time of the alleged larceny was engaged in picking cotton for a tenant on the farm of J. F. Riley near Canadian. Lancaster lived in a tent near or adjoining a small house in which his brother, Jess, was living. Some time in October, 1914, a stranger rode up to the camp and asked for

feed for the black mare in question, a colt and a young mule. The plaintiff in error, Joe Lancaster, had started to work. His brother, Jess, was talking to the stranger when he went away. Within a day or two a deputy sheriff from Atoka went to the Lancaster place, and in a cedar flat near by found the mare, colt, and young mule.

Ed Smith, who was also prosecuted for the theft, was apparently in possession of the stock. No one ever saw them in the possession of the plaintiff in error, Lancaster, and no one testified to any incriminating facts against him further than a statement by the person for whom he was working, to the effect that he would need his money to pay Smith for a horse which he expected Smith to bring him. Nothing indicates that he was ever in the community where the owner of the black mare lived, or that he ever had anything to do with her at any time. None of the state's witnesses connected Lancaster with the theft directly or indirectly. It may be that he was implicated or concerned in the unlawful taking of the mare, but the state wholly fails to prove facts capable of supporting the judgment of conviction upon this charge. The most that can be said of the testimony is that it generates a suspicion that he knew something concerning the transaction. This, however, does not warrant the sending of a man to prison for a term of five years, or any other term. The burden is on the state to prove beyond a reasonable doubt that the accused is guilty of the crime charged. Unless this is done, the verdict and judgment of guilty are contrary to the law and the evidence.

When there is any testimony tending reasonably to establish the crime charged, the question of guilt or innocence under our practice is for the jury to determine,

but when there is no testimony offered or considered by the jury from which a legitimate conclusion of guilt can be drawn, then it is the duty of the court to reverse the judgment of conviction on the ground that the same is contrary to the law as well as the evidence.

The judgment is reversed.

Mandate is directed to issue forthwith.

DOYLE, P. J., and BRETT, J., concur.